**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 0 7 2012 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

--------------------------------------------------------
ROBERT A. NYHOLM on behalf of himself and
all other similarly situated consumers

**CV-12 4495**

Plaintiff,

-against-

**SPATT, J.**
**BOYLE, M**

PAUL R. ADES, PLLC

Defendant.

**SUMMONS ISSUED**

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Robert A. Nyholm seeks redress for the illegal practices of Paul R. Ades,

   PLLC concerning the collection of debts, in violation of the Fair Debt Collection

   Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

   that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt

   purportedly owed to Ally Financial Inc. (f/k/a GMAC).

4. Upon information and belief, Defendant's principal place of business is located in

   Babylon, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
      consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
      1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Robert A. Nyholm*

9.    Upon information and belief, on a date better known by Defendant, Defendant began to
      attempt to collect an alleged consumer debt from the Plaintiff.

10.   On or about March 12, 2004, the Plaintiff's son, who shares the same name as the
      Plaintiff, and the Plaintiff's niece signed for a car loan from Ally Financial Inc. (f/k/a
      GMAC).

11.   In or about March, 2007 the said vehicle was repossessed, and in June of that year the
      Plaintiff began to receive notices of an amount due on the car of $10,631.85.

12.   The Plaintiff contacted the creditor, GMAC explaining to them that he had never co-
      signed on any car loan with GMAC in 2004 and that GMAC was mistaken by linking
      this account to his name.

13.   GMAC did not accept the Plaintiff's claim and instead used a copy of the lease
      agreement and the loan application as proof that the Plaintiff had in fact signed a car

laon, however the said documents lacked the Social Security number of the individual truly responsible for this account, the Plaintiff's son.

14. The creditor then forwarded the case to the Defendant, Paul R. Ades, PLLC for collection, and the Plaintiff began receiving collection letters from Defendant on or about September 13, 2007 and October 30, 2007.

15. The Defendant furthermore demanded from the Plaintiff, signature verifications, a copy of his driver's license, Police reports and his Social Security number.

16. The Plaintiff contacted the creditor again in writing, on October 26, 2007 and December 5, 2007 requesting that they remove any and all references to him with regards to this account, clear the Plaintiff's credit of any link to this, and demanded that GMAC locate the parties who were truly responsible for this account.

17. The Plaintiff further informed the creditor that under no circumstances would he provide any personal documents to the Defendant for an account to which he had no association.

18. On or about April 19, 2012, Plaintiff received a Summons to appear before the District Court of The County of Suffolk.

19. Plaintiff answered the Summons explaining that he had repeatedly tried to inform GMAC and the Defendant Paul R. Ades, PLLC, that he had never signed a lease on any vehicle.

20. When the Plaintiff did appear before the Court on July 9, 2012, the Defendant claimed to have had no knowledge of any correspondence that the Plaintiff had been having with the creditor.

-3-

21.    Defendant violated 15 U.S.C. §§ 1692d, 1692e, and 1692e(10) for harassment and for

       engaging in deceptive practices.

**AS AND FOR A FIRST CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the*

*members of a class, as against the Defendant.*

22.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs one (1)

       through twenty one (21) as if set forth fully in this cause of action.

23.    This cause of action is brought on behalf of Plaintiff and the members of a class.

24.    The class consists of all persons whom Defendant's records reflect resided in the State

       of New York and who were sent collection letters bearing the Defendant's letterhead in

       substantially the same form as the letters sent to the Plaintiff (a) the collection letters

       were sent to a consumer seeking payment of a consumer debt purportedly owed to Ally

       Financial Inc. (f/k/a GMAC), but to the alleged debt, the Plaintiff had no link to; and (b)

       the collection letters were not returned by the postal service as undelivered (c) and the

       Plaintiff{s} assert{s} that the Defendant violated 15 U.S.C. §§ 1692d, 1692e, and

       1692e(10) for harassment and for engaging in deceptive practices.

25.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

       preferable in this case because:

   (A) Based on the fact that form collection letters are at the heart of this litigation, the class is

       so numerous that joinder of all members is impracticable.

-4-

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the collection letters , (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

26. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

27. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28.   Collection attempts, such as those made by the Defendant are to be evaluated by the
objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

29.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt
Collection Practices Act.

30.   Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff
and the members of the class are entitled to damages in accordance with the Fair Debt
Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against
the Defendant and award damages as follows:

(a)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. §
1692(k);

(b)   Attorney fees, litigation expenses and costs incurred in bringing this
action; and

(c)   Any other relief that this Court deems appropriate and just under the
circumstances.

Dated: Cedarhurst, New York
September , 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516

-6-

Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

# PAUL R. ADES, PLLC

ATTORNEY AND COUNSELOR AT LAW

PAUL R. ADES

ANNE MANTON
LEGAL ASSISTANT

ARGYLE SQUARE
181 WEST MAIN STREET, SUITE 103
P.O. BOX 790
BABYLON, NY 11702
(631) 661-6800
FACSIMILE (631) 661-6266

February 28, 2008

Robert A. Nyholm
16 Amber Ct
Hauppauge, NY 11788

Re:  GMAC/ Nyholm
Account #103-9046-93423

Your account regarding a 2004 GMC Envoy vehicle
has been referred to us by GMAC.

According to GMAC's records, you owe GMAC $10631.85,
as of June 26, 2007.

GMAC hereby demands payment.

At this time, no attorney from this firm has reviewed the
particular specific circumstances of your account.

You have the right to dispute this debt.  Unless you notify us
within 30 days after receipt of this notice that you dispute the
validity of the debt, or any portion thereof, we will assume this debt
is valid.  If you notify us in writing within 30 days after your receipt
of this notice that said debt, or any portion thereof, is disputed, we will:
obtain verification of the debt or obtain a copy of the judgment and mail
you a copy of such judgment or verification.  If you so request in writing
within 30 days after receipt of this notice, we will provide you with the
name and address of the original creditor, if different from the current
creditor.

This is an attempt to collect a debt and any information obtained
will be used for that purpose.

PAUL R. ADES, PLLC

dg

CONSUMER CREDIT TRANSACTION

**BAC-08 5072**

DISTRICT COURT OF THE COUNTY OF SUFFOLK
SECOND DISTRICT

----------------------------------------------------------------------X

**SUMMONS**

GMAC,

Index No.

Plaintiff,

The basis of the venue is
transaction took place in
Suffolk County

- against -

LETICIA A. CAFARO AND ROBERT A.
NYHOLM,

Plaintiff does business at
1600 Stewart Avenue, Suite 306
Westbury, NY 11590

Defendant(s).

----------------------------------------------------------------------X

To the above named Defendant(s):

YOU ARE HEREBY SUMMONED and required to appear in the DISTRICT
COURT OF THE COUNTY OF SUFFOLK, Second District, at the office of the Clerk
of said Court, at 30 East Hoffman Avenue, Lindenhurst, in the County of Suffolk,
State of New York, by serving an answer to the annexed complaint upon
Plaintiff's attorney, at the address stated below, or if there is no attorney,
upon the Plaintiff, at the address stated above, within the time provided
by law as noted below; upon your failure to answer, judgment will be taken
against you for the relief demanded in the Complaint, together with the
costs of this action.

PAUL R. ADES, PLLC

Dated: June 25, 2008

By: _Christine Staiano_

Christine Staiano, Esq.

Attorneys for Plaintiff
Office & P.O. Address
181 W. Main St., Suite 103
P.O. Box 790
Babylon, NY 11702
(631) 661-6800

Defendant(s) address(es):
52 Mastic Blvd, Mastic, NY 11950
16 Amber Ct, Hauppauge, NY 11788

NOTE: The law or rules of law provide that:

(a)     If this summons is served by its delivery to you, or (for a
corporation) an agent authorized to receive service, personally within the County of
Suffolk, you must answer within 20 days after such service;

(b)     If this summons is served otherwise than designated in
subdivision (a) above, you are allowed 30 days to answer after proof of service is
filed with the Clerk of this Court.

(c)     You are required to file a copy of your answer together with
proof of service with the Clerk of the district in which the action is brought within
ten days of service of the answer.

The Consumer Credit Transaction took place in Suffolk County

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

DISTRICT COURT OF THE COUNTY OF SUFFOLK
SECOND DISTRICT
-----------------------------------------------------------------X
GMAC,

                              Plaintiff,

         - against -

LETICIA A. CAFARO AND ROBERT A.
NYHOLM,

                          Defendant(s).
-----------------------------------------------------------------X

Index No.

COMPLAINT

     Plaintiff, by PAUL R. ADES, PLLC, its attorneys, for its complaint against Defendant(s), alleges:

     1.   Plaintiff is an entity organized under the laws of Delaware, and has an office at 1600 Stewart Avenue, Westbury, New York.

     2.   Upon information and belief, Defendant(s) reside(s) in the county in which the above-named Court is located, or the transaction herein occurred in the county in which the above-named Court is located.

     3.   Upon information and belief, Defendant(s) purchased a vehicle (the "Vehicle") pursuant to a Retail Instalment Contract, dated March 12, 2004    (the "Contract"), and agreed therein to pay an unpaid balance in installment payments.

     4.   Thereafter, the Seller assigned the Contract to Plaintiff.

     5.   Thereafter, Defendant(s) defaulted under the Contract.

     6.   Defendant(s) owe(s) Plaintiff $10231.85  pursuant to the Contract, no part of which has been paid although duly demanded.

     7.   Defendant(s) agreed in the Contract to pay attorneys fees of up to 15 percent of the indebtedness, if this indebtedness was referred to an attorney for collection.  Accordingly, Defendant(s) is(are) liable for attorneys fees in the amount of $1534.78.

8.  By reason of the foregoing, Defendant(s) owe(s) Plaintiff the sum of $11766.63.

WHEREFORE, Plaintiff demands judgment against Defendant(s) (if more than one defendant, jointly and severally) in the sum of $11766.63, with interest from June 26, 2007, and the costs, disbursements and attorneys fees of this action.

Dated: June 25, 2008

PAUL R. ADES, PLLC

By: _Christine Staiano_
   Christine Staiano, Esq.
Attorneys for Plaintiff
Office & P.O. Address
181 West Main Street, Suite 103
P.O. Box 790
Babylon, NY 11702
(631) 661-6800

# PAUL R. ADES, PLLC
## ATTORNEYS AND COUNSELORS AT LAW

PAUL R. ADES

..IRISTINE STAIANO

ANNE MANTON,
LEGAL ASSISTANT

ARGYLE SQUARE
181 WEST MAIN STREET, SUITE 102
POST OFFICE BOX 790
BABYLON, NY 11702
(631) 661-6800
FACSIMILE (631) 661-6266

July 23, 2008

Robert A. Nyholm
16 Amber Court
Hauppauge, NY 11788

> Re: GMAC v. Leticia A. Cafaro and Robert A. Nyholm
> GMAC Account #103-9046-93423

Dear Mr. Nyholm:

In furtherance of our conversation, attached is a Fraud Affidavit. Please complete the information in paragraphs 1 and 7, and then sign, have your signature notarized and return to me together with a copy of a legally tendered item depicting signature dated around the time the contract was signed (i.e. copy of cancelled check, tax return, or another contract), copy of police report or incident report and your driver's license.

Very truly yours,

ANNE MANTON

dg

**AFFIDAVIT**

STATE OF New York
COUNTY OF Suffolk

I, Robert H. Nyholm do hereby swear and affirm, under oath and penalty of perjury, that all of the following statements are true:

1. That my Social Security number is 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 and my date of birth is
08-14-48
(Mo.)  (Day)  (Yr)

2. That I never had any intention of entering into a retail installment sales contract/lease, either by myself or with any other person, for the purchase/lease of a 2004 GMC Envoy
vehicle identification number (VIN)  1GKDT13S842222098  .

3. That I did not at any time fill out a credit application for the purchase/lease of a 2004 GMC Envoy , VIN 1GKDT13S842222098 , I did not authorize anyone to fill one out on my behalf, and I did not authorize the use of my Social Security number, driver's license, or any of my credit information in connection with such a credit application.

4. That I did not sign any document or documents relating to or evidencing such retail installment sales contract/lease or credit application.

5. That I did not authorize anyone to sign any such document or documents on my behalf.

6. That I did not consent to or ratify, either before or after the fact, having my signature placed on any such documents.

7. That I was not aware that a GMAC account existed in my name and under my Social Security number until AFTER JUNE OF 2007 WAS MY 1ST CONTACT.
(Mo.) (Day) (Yr.)

8. That I have never possessed, used, or received any benefits of any kind whatsoever as a result of the purchase/lease of the above-mentioned vehicle.

(Signature) _____

(Typed Name) Robert A Nyholm

(Address) 16 Amber Ct  Hauppauge, NY 11788

Subscribed to and sworn before me this 29 day of August , 2008 .

(Notary Public) _____
My commission expires:

THOMAS J. SAVIANO
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
NO. 01SA6187929
MY COMMISSION EXPIRES 06-02-2012

PAUL R. ADES

CHRISTINE STAIANO

ANNE MANTON,
LEGAL ASSISTANT

**PAUL R. ADES, PLLC**
ATTORNEYS AND COUNSELORS AT LAW

ARGYLE SQUARE
181 WEST MAIN STREET, SUITE 103
P.O. BOX 790
BABYLON, NY 11702
(631) 661-6800
FACSIMILE (631)661-6266

## FACSIMILE COVER SHEET

**TO:**       Robert A. Nyholm          **FAX#**      863-1057

**FROM:**    Anne Manton                **DATE:**     July 24, 2008

**RE:**       GMAC v. Leticia A. Cafaro and     **PAGES:**    3 (including this page)
              Robert A. Nyholm

( ) 	The original of the transmitted document will be sent by mail.
(X) 	This will be the only form of delivery of the transmitted document.
   you do not receive all of the transmitted pages, or if there are any problems, please call 631-661-
   .00

iMPORTANT NOTICE: The accompanying facsimile transmitted is a CONFIDENTIAL COMMUNICATION. As such, it is intended
to be viewed and read only by the individual or entity named above. If you are not the intended recipient so named, you are
prohibited from reading this transmission. You also are notified that any dissemination, distribution or copying of this transmis-
sion is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and re-
turn the original transmission to us via the U.S. Postal Service. Thank you.

*Please Review these 3 sheets of Documentation
you requested And notify me as to
the next step. Also what I should Now Do
About the Summons That I received from
your office.*

*Thank you*



THIS CONTRACT INCLUDES THE ATTACHED RIDER LABELED GMAC SMARTBUY RIDER

## RETAIL INSTALLMENT CONTRACT

| Dealer Number | Contract Number | 103-9046-93423 |
| --- | --- | --- |

Buyer (and Co-Buyer) Name and address (include county and zip code)
LETITIA A CATANO
ROBERT A NYHOLM
52 MASTIC BLVD
MASTIC SUFFOLK NY 11950

Creditor (Seller name and address)
SMITHTOWN BUICK PONTIAC GMC, LLC
756 SMITHTOWN BYPASS
SMITHTOWN NY 11787

You, the buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay us, the Creditor, the Amount Financed and Finance Charge according to the payment schedule shown below.

| New/Used | Year | Make and Model | Vehicle Identification No. | Primary Use for Which Purchased |
| --- | --- | --- | --- | --- |
| NEW | 2004 | GMC ENVOY | 1GKDT13S842222098 | ☒ Personal, family, or household ☐ agricultural ☐ business |

| Your trade-in is a: | Year | Make | Model |
| --- | --- | --- | --- |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ |
| --- | --- | --- | --- | --- |
| 3.50 % | $ 3243.69 | $ 31442.10 | $ 34685.79 | $ 40888.33 |

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

**Optional Credit Insurance.**
☐ Credit Life    ☐ Buyer    ☐ Co-Buyer    ☐ Both
☐ Credit Disability (Buyer Only)
Premium:
Credit Life $ _____ N/A
Credit Disability $ _____ N/A

N/A
(Insurance Company)

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due | Or as Follows |
| --- | --- | --- | --- |
| 5 | $ 428.02 | Monthly beginning 04/12/2004 | |
| ONE FINAL PAYMENT OF $ 14586.50 DUE ON 03/12/2008 | | | |

Late Charge. If a payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late, with a minimum charge of $1.

Prepayment. If you pay off all your debt early, you may be entitled to a refund of part of the finance charge.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and security interest.

### ITEMIZATION OF AMOUNT FINANCED

| | | |
| --- | --- | --- |
| 1 Cash price (including any accessories, services, and taxes) | | $ 37467.54 |
| 2 Total downpayment = (if negative enter "0" and see line 4H below) | | |
| Gross trade-in $ _____ N/A — payoff by seller $ _____ N/A | | |
| = net trade-in $ _____ N/A + cash $ 3202.54 | | |
| + other (describe) REBATES  $ 3000.00 | | $ 6202.54(2) |
| 3 Unpaid balance of cash price (1 minus 2) | | $ 31265.10(3) |
| 4 Other charges including amounts paid to others on your behalf (Seller may keep part of these amounts.): | | |
| A Cost of optional credit insurance paid to the insurance company or companies | | |
| Life | $ N/A | |
| Disability | $ N/A | $ N/A |
| B Other insurance paid to the insurance company | $ N/A | |
| C Official fees paid to government agencies | $ N/A | |
| D Government waste tire management fee | $ 12.50 | |
| E Government taxes not included in cash price | $ N/A | |
| F Government license and/or registration fees REG = $109.50 INSP = $10.00 | $ 119.50 | |
| G Government certificate of title fees | $ 45.00 | |
| H Other charges (Seller must identify who is paid and describe purpose.) | | |
| to _____ for | $ N/A | |
| to _____ for | $ N/A | |
| to _____ for | $ N/A | |
| to _____ for | $ N/A | |
| to _____ for | $ N/A | |
| to _____ for | $ N/A | |
| Net trade-in payoff to _____ | $ N/A | |
| Total other charges and amounts paid to others on your behalf | | $ 177.00(4) |
| 5 Amount financed (3 + 4) | | $ 31442.10(5) |

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance and credit disability insurance are for the term of this contract unless a different term for the insurance is shown below.

| Other Insurance. | | |
| --- | --- | --- |
| ☐ N/A | | N/A |
| Type of Insurance | | Term |
| Premium $ | N/A | |
| N/A | | |
| (Insurance Company) | | |
| N/A | | |
| (Home Office Address) | | |

I want the insurance checked above.

X _____
Buyer Signature    Date

X _____
Co-Buyer Signature    Date

**ANY INSURANCE REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us regarding this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.

Buyer Signs X _____    Co-Buyer Signs X _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See back for other important agreements.

NOTICE TO THE BUYER: 1. Do not sign this contract before you read it or if it contains any blank space. 2. You are entitled to a completely filled in copy of this contract when you sign it. 3. Under the law, you have the following rights: (a) To pay off in advance the full amount due and to obtain a partial refund of the credit service charge; (b) To redeem the property if repossessed for a default; (c) To require, under certain conditions, a resale of the property if repossessed. 4. According to law you have the privilege of purchasing the insurance on the motor vehicle provided for in this contract from an agent or broker of your own selection.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

### RETAIL INSTALLMENT CONTRACT

Buyer Signs X _____    Date 03/12/2004
Co-Buyer and Other Owner X _____    Date 03/12/2004
Co-Buyer signs if applicable and is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____    Date _____    Address _____

Creditor Signs SMITHTOWN BUICK PONTIAC GMC 03/12/2004    By X _____    Title _____

Seller assigns its interest in this contract to General Motors Acceptance Corporation (GMAC) under the terms of the GMAC Retail Plan agreement.
☐ Assigned with recourse    ☐ Assigned without recourse or with limited recourse
SMITHTOWN BUICK PONTIAC GMC, LLC

| Seller | By | Title |
| --- | --- | --- |
| | | |

Notice: See Other Side
Form NY 11/2003 (For use in the State of New York) (1 of 4)
Copyright 2001 General Motors Acceptance Corporation. All Rights Reserved.

ORIGINAL

CONSUMER CREDIT TRANSACTION

DISTRICT COURT OF THE COUNTY OF SUFFOLK
SECOND DISTRICT
----------------------------------------------------------------X
ALLY FINANCIAL INC. (F/K/A GMAC),

                                                  Plaintiff,

                    - against -

LETICIA A. CAFARO AND
ROBERT A. NYHOLM,

                                                  Defendant(s).
----------------------------------------------------------------X

BAC-739-12

SUMMONS

Index No.

The basis of the venue is
transaction took place in
Suffolk County

To the above named Defendant(s):

    YOU ARE HEREBY SUMMONED and required to appear in the DISTRICT
COURT OF THE COUNTY OF SUFFOLK, Second District, at the office of the Clerk
of said Court, at 30 East Hoffman Avenue, Lindenhurst, in the County of Suffolk,
State of New York, by serving an answer to the annexed complaint upon
Plaintiff's attorney, at the address stated below, or if there is no attorney,
upon the Plaintiff, at the address stated above, within the time provided
by law as noted below; upon your failure to answer, judgment will be taken
against you for the relief demanded in the Complaint, together with the
costs of this action.

                                          PAUL R. ADES, PLLC

Dated: April 19, 2012                     By: _____
                                              Jose F. Canosa, Esq.

                                          Attorneys for Plaintiff
                                          Office & P.O. Address
                                          181 W. Main St., Suite 103
                                          P.O. Box 790
                                          Babylon, NY 11702
                                          (631) 661-6800

Defendant(s) address(es):
  52 Mastic Boulevard, Mastic, NY 11950
  16 Amber Court, Hauppauge, NY 11788

NOTE: The law or rules of law provide that:

    (a)     If this summons is served by its delivery to you, or (for a
corporation) an agent authorized to receive service, personally within the County of
Suffolk, you must answer within 20 days after such service;

    (b)     If this summons is served otherwise than designated in
subdivision (a) above, you are allowed 30 days to answer after proof of service is
filed with the Clerk of this Court.

    (c)     You are required to file a copy of your answer together with
proof of service with the Clerk of the district in which the action is brought within
··n days of service of the answer.

            The Consumer Credit Transaction took place in Suffolk County

        THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY
    INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

DISTRICT COURT OF THE COUNTY OF SUFFOLK
SECOND DISTRICT
---------------------------------------------------------------------X
ALLY FINANCIAL INC. (f/k/a GMAC)

                            Plaintiff,

       - against -

LETICIA A. CAFARO AND
ROBERT A. NYHOLM,

                         Defendant(s).
---------------------------------------------------------------------X

Index No.

COMPLAINT

Plaintiff, by PAUL R. ADES, PLLC, its attorneys, for its complaint against Defendant(s), alleges:

1. Plaintiff (formerly known as GMAC) is a Delaware corporation, and is authorized to do business in the State of New York.

2. Upon information and belief, Defendant(s) reside(s) in the county in which the above-named Court is located, or the transaction herein occurred in the county in which the above-named Court is located.

3. Upon information and belief, Defendant(s) purchased a vehicle (the "Vehicle") pursuant to a Retail Instalment Contract, dated March 12, 2004   (the "Contract"), and agreed therein to pay an unpaid balance in installment payments.

4. Thereafter, the Seller assigned the Contract to Plaintiff.

5. Thereafter, Defendant(s) defaulted under the Contract.

6. Defendant(s) owe(s) Plaintiff $10231.85   pursuant to the Contract, no part of which has been paid although duly demanded.

7. Defendant(s) agreed in the Contract to pay attorneys fees of up to 15 percent of the indebtedness, if this indebtedness was referred to an attorney for collection. Accordingly, Defendant(s) is(are) liable for attorneys fees in the amount of $1534.78.

8. By reason of the foregoing, Defendant(s) owe(s) Plaintiff the sum of $11766.63.

WHEREFORE, Plaintiff demands judgment against Defendant(s) (if more than one defendant, jointly and severally) in the sum of $11766.63, with interest from June 26, 2007, and the costs, disbursements and attorneys fees of this action.

Dated: April 19, 2012

PAUL R. ADES, PLLC

By: _____
Jose F. Canosa, Esq.
Attorneys for Plaintiff
Office & P.O. Address
181 West Main Street, Suite 103
P.O. Box 790
Babylon, NY 11702
(631) 661-6800